CLAUSELLS *v.* SCHUCK.

APPEAL from the District Court of Ponce.

No. 647.—Decided January 29, 1912.

DEMURRER—DECISION ON DEMURRER NOT SHOWN IN RECORD.—When a demurrer and an answer to the complaint raising questions of law and of fact are filed at the same time the questions of law should be decided first; and when the record does not show what disposition was made of the demurrer and it appears that a judgment was rendered upon the questions of fact it must be presumed that the demurrer was overruled.

WATER RIGHTS—DECLATORY ACTION RELATING TO OWNERSHIP—AMBIGUOUS AND DOUBTFUL. COMPLAINT—FACTS INSUFFICIENT TO CONSTITUTE A CAUSE OF ACTION.—On examining the complaint in the case at bar by which a declaratory action relating to the ownership of waters used for irrigation is brought the Supreme Court on appeal decided that the demurrer to the complaint filed by the defendant on the ground that no cause of action was shown and that the complaint was ambiguous and uncertain, should have been sustained because the allegations made in the complaint with reference to the concession and prescription administratively recognized upon which the plaintiff rests his case are too unintelligible and doubtful.

The facts are stated in the opinion.

*Mr. Felipe Casalduc* for appellant.

*Mr. José Tous Soto* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a declaratory action relating to the ownership of waters used for irrigation. The plaintiff claims to be the owner and to have the possession of about twelve and a half acres of land and that the same is entitled to water for irrigation to the amount of four and two-hundredths (4.02) liters per second, and that the defendant withholds this water right from the plaintiff. Defendant denies these allegations. On the trial of the cause the court held that the complaint was well founded and rendered judgment in favor of the plaintiff and adjudged that the land in question had the right, by prescription, to irrigation and that this right had been administratively recognized and that he had a right to utilize three and thirty-one hundredths (3.31) liters of water per second, taken from the river Cerrillos or Bucaná which affords

thirty-six and fifty-one one-hundredths (36.51) liters of water
per second; said water being derived from the canal belong-
ing jointly to the plantations "Marcelina," "Rescate" and
"Mallorquina," casting the defendant in the costs of suit.
The counter-complaint was also dismissed. This judgment
was rendered on April 29, 1910, by the District Court of
Ponce. An appeal was duly taken therefrom on the 10th of the
following month. On July 27, 1910, an order was made taxing
costs against the defendant including $200 attorney's fees.
Three days later an appeal was taken from this order. On
December 15, 1910, the transcript was filed here; and later
both parties filed briefs, and the case was heard after oral
argument for appellant but without oral argument on the
part of the respondent and is before us for consideration on
the record, including the briefs.

Although no formal assignment of errors is made, in ac-
cordance with the rules four points are made in the discus-
sion by the appellant to which our attention may be directed,
slightly changing the order in which they are presented.
These matters are the following: 1. The demurrers taken-to
the complaint; 2. The answer made to the complaint; 3. The
counter-complaint of the defendant; 4. Prescription.

The record shows that a demurrer was presented to the
complaint on the ground that the allegations thereof did not
state facts sufficient to constitute a cause of action; but it does
not appear from the record what disposition was made of the
demurrer. In this case it must be presumed that the demur-
rer was acted upon and overruled. In the case of *López* v.
*American Railroad Co. of P. R.* it is held that it is a general
rule that where a demurrer and an answer to the complaint
raising questions of law and of fact, are filed at the same
time, the questions of law should be decided first; and in cases
where both questions of law and of fact have been raised and
the trial in the case has been held and a decision is reached
upon the questions of fact, and judgment is rendered in the
case, it will be presumed on appeal that the questions of law

were disposed of by an order overruling the demurrer. 11 P. R. R., 149.

A. The appellant contends in support of his demurrer that:

(*a*) There is no cause of action shown therein; for in the first item of the complaint it is asserted that the plantation "Marcelina" has in its favor, by virtue of a concession since the year 1846, and by prescription since the year 1848, the right to irrigate 44 hectares and 23 ares, or 112.42 acres, and it is stated in the fourth item that the portion of 12.42 acres was purchased by Francisco Romero from Josefa Ortiz on August 14, 1848, and was added by him to the plantation "Marcelina." It is, therefore, claimed to be conclusive that the concession of water for irrigation purposes, and the right of irrigation acquired by prescription, both have reference only and exclusively to the plantation "Marcelina" itself, and not to the land that was incorporated therewith later on, as were the aforesaid 12.42 acres which the plaintiff asserts to have been acquired as a portion of the land entitled to irrigation. Appellant further says that on December 31, 1848, it was only 4 months and 16 days since Romero had entered into the possession of said land, and he could not then have acquired by prescription the right of irrigation with regard to the same; because said right originates in the use of the water for an uninterrupted period of 20 years, and not merely by using the same for four months and some days.

Nor can it be alleged, continues the argument on demurrer, that the aforesaid number of acres enjoyed the irrigation by extending to the same the rights that were enjoyed by the original plantation "Marcelina," for the concessions and rights acquired by prescription pertain to the lands and not to the owners of the same, who cannot transfer said rights from one parcel of land to another, nor can the owners take personal advantage of the benefits that the law has conferred on the lands.

The foregoing argumentation is very clear and may be stated again in this form: If on August 14, 1848, Romero incorporated into the plantation "Marcelina" the portion of twelve and forty-two hundredths (12.42) acres of land and the said plantation had then a concession for irrigation since the year 1846 then it follows that the 12.42 acres had no share in the irrigation conceded by the law. If the plantation "Marcelina" was also entitled to irrigation by *a prescription which had been administratively acknowledged in 1848,* and if the prescription requires 20 years in order to be acknowledged by the Government, then inasmuch as those 12.42 acres were incorporated into the plantation "Marcelina" on August 14, 1848, they did not acquire any right to irrigation by prescription.

(*b*) The defendant further makes an exception that the complaint is ambiguous and unintelligible and doubtful, contending that if Guillermo Schuck purchased the plantation "Marcelina," as stated by the plaintiff in the second item of his complaint, then inasmuch as the person who acquires the whole thing acquires each of its parts, there could not remain one of its parts to be purchased by Carlos Clausells, which is what happened according to his assertion, whereby he contradicted himself; and if Schuck did not acquire the entire plantation "Marcelina," then it was obligatory on the plaintiff to make an allegation to that effect in the complaint and not to state the contrary therein, thus bringing into his pleading great confusion which makes it ambiguous and doubtful.

Whether the right to irrigate the aforesaid 12.42 acres was acquired by concession or by prescription, then the defendant asks, why is it not clearly so stated in the complaint, instead of using the ambiguous form in which said allegation appears in the first item of the same, upon mentioning the irrigation of the entire area of the plantation "Marcelina," omitting to specify the same on mentioning the irrigation of the aforesaid portion of 12.42 acres. Is the right

to irrigate this portion a right acquired by concession or by prescription and since what date?

On examining the complaint we find that these exceptions are well founded and that it is ambiguous and uncertain and does not state facts sufficient to constitute a cause of action. Code of Civil Procedure, sec. 105, pars. 6 and 7. The statute requires the complaint to contain a statement of the facts constituting the cause of action in ordinary and concise language. Section 103, par. 2 of the same Code.

The essential parts of the complaint read as follows:

"1. That the plantation 'Marcelina,' situated in the ward of Machuelo Arriba of the municipal district of Ponce, belonging now to Guillermo Schuck, has been in the enjoyment since 1846, at which time it belonged to Francisco Romero by concession and by prescription administratively acknowledged since 1848, of the right to irrigate with the water from the River Cerrillos or Bucaná, an area of 44 hectares, 23 ares, equivalent to 112.42 acres which formed part of said plantation consisting in 1870 of 127 hectares, 43 ares and 21 centiares, drawing to that effect 36.51 liters of water per second from said river by means of a ditch, intake and dam jointly belonging to the plantations 'Rescate,' 'Marcelina' and Mallorquina,' as shown by the schedule of distribution of said waters among the water-right holders in regard to said river published in the *Gaceta de Puerto Rico* of September 19, 1883; 2. That after said 112.42 acres had the water rights acknowledged, the defendant acquired by deed of purchase said plantation 'Marcelina,' including therein 100 acres from the 112.42 with water rights, but not the 12.42 remaining, the ownership of which being acquired by the plaintiff to whom they now belong; 3. That out of the 36.51 liters of water distributed among the 112.42 acres under irrigation of the plantation 'Marcelina,' 4.02 liters correspond by a pro rata distribution to the 12.42 acres of the plaintiff, which water is used by the defendant; 4. That the description of the 12.42 acres belonging to the plaintiff and situate in the ward of Machuelo Arriba of this municipal district is as follows: Bounded on the north by the River Bayagán near its junction with the Bucaná or Cerrillos which separates the same from the plantation 'Marcelina'; on the east by the road leading to the ward of Mayagüez; on the west by a by-way leading to the plantation 'Rescate'; and on the south by land of the plaintiff,

Carlos Clausells, formerly of the plantation 'Rescate' belonging to Irma Castaigne, this portion being the same bought by Francisco Romero from Josefa Ortiz by deed executed on August 14, 1848, before the notary Luis Capó and which was added by said Romero to the plantation 'Marcelina.' By virtue of the foregoing I pray that honorable court to declare that the plaintiff has a right to use 4.02 liters of water per second from the River Cerrillos or Bucaná amounting to 36.51 liters per second as water rights of the plantation 'Marcelina,' as shown by the official schedule of distribution, drawing said water by means of the irrigation ditch owned in common by the plantations 'Marcelina,' 'Rescate' and 'Mallorquina,' and to assess the costs against the defendant.''

From a careful examination of these statements it is difficult to say exactly what are the claims made by the plaintiff and on what ultimate facts he bases his claim to relief. Such being the case the demurrer to the complaint should have been sustained.

In the course of the trial it transpired that the complainant was relying on a recognition of his right conceded in the year 1870. This fact does not appear from the pleadings and it seems to us was a matter of which the defendant should have been notified by the complaint. In any event this and other questions of prescription and abandonment can be more properly raised on a new trial after filing a more specific complaint.

As these errors of the trial court will require its judgment to be reversed and the cause to be remanded for further proceedings, it is unnecessary to discuss the other questions which might be gathered from the record.

In view of the reversal of the judgment rendered on April 29 it is unnecessary to examine the order made on July 27 in regard to attorneys' fees, as its reversal follows the judgment rendered on the previous matter. A judgment should be rendered accordingly.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro, and Aldrey concurred.